UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REINO DE ESPANA,

                       Plaintiff,                OPINION AND ORDER

              - against -               03 Civ. 3573 (LTS) (RLE)

AMERICAN BUREAU OF SHIPPING, et al.,      RELATED CASE:

                      Defendants.            04 Civ. 0671 (LTS) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Reino de España ("Spain"), brings this case – arising from the casualty and sinking of the *Prestige* off the coast of Spain in 2002 – against American Bureau of Shipping ("ABS"), and other defendants. By letter dated December 22, 2005, Spain maintains that John Andrew Lee ("Lee"), a former ABS engineer who examined the *Prestige*, prepared a sworn declaration dated February 24, 2005 ("February 24 statement"), and was scheduled to be deposed on November 18, 2005. Spain contends that Lee failed to appear at his scheduled deposition because ABS officials urged Lee's current employer, Det Norske Veritas ("DNV"), to block his participation in the *Prestige* litigation. Spain claims Lee is afraid to testify because he fears DNV will terminate his employment. Spain asks the court to inquire into the circumstances surrounding Lee's decision not to participate in the case. For the reasons which follow, further discovery into the matter is hereby **DENIED**.

## II. BACKGROUND

The Court directed Spain to submit a sworn affirmation in support of its contention that ABS threatened and intimidated Lee. On January 5, 2006, counsel for Spain filed a declaration

setting forth the relevant facts and circumstances surrounding Lee's decision not to participate in the case. *See* Affirmation of Brian D. Starer, dated January 5, 2006 ("Starer Aff."). Spain asserts that ABS contacted DNV, to communicate with Lee, and to intimidate him. Spain asks the Court to order the production of all correspondence and internal memoranda concerning any contacts between ABS and DNV. Spain also seeks to depose ABS General Counsel and others.

On January 13, 2006, the Court received ABS's response to Spain's submission. ABS maintains that its communications with DNV reflect their efforts to arrange an interview with Lee in advance of his scheduled deposition. Along with its response, ABS voluntarily disclosed all non-privileged communications regarding its contacts with DNV. On January 19, 2006, pursuant to the Court's instruction, ABS produced all privileged communication regarding its contacts with DNV for an *in camera* review.

## II. DISCUSSION

Spain seeks discovery on the circumstances surrounding Lee's unavailability because it seeks to admit Lee's February 24 statement into evidence at trial. Spain asserts that a basis for admission is Rule 804(b)(6) of the Federal Rules of Evidence. Rule 804(b)(6) sets forth an exception to the hearsay rule, and provides that:

> Forfeiture by wrongdoing. A statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness.

Fed. R. Evid. 804(b)(6). This rule was added to the Federal Rules of Evidence in 1997, codifying the common law forfeiture-by-misconduct doctrine. *See* **United States v. Rivera**, 292, F. Supp. 2d 827, 830 (E.D. Va. 2003). Though it derives from criminal cases, Rule 804(b)(6) applies to civil cases as well, and to all parties. *See* Fed. R. Evid. 804 advisory committee's notes to 1997

amendment.

Courts have found wrongdoing, under Rule 804(b)(6), to include verbal threats concerning the exposure of a witness's past criminal conduct, *see* **United States v. Aguiar**, 975 F.2d 45 (2d Cir. 1992), threats to a witness's life, *see* **United States v. Balano**, 618 F.2d 624 (10th Cir. 1979), and procurement of or acquiescence to, a witness's murder, *see* **United States v. Melendez**, 1998 U.S. Dist. LEXIS 16641 (D.P.R. Oct. 15, 1998). Wrongdoing within the meaning of Rule 804(b)(6) applies to "coercion, undue influence, or pressure to silence testimony and impede the truth-finding function of trials." **United States v. Scott**, 284 F.3d 758, 764 (7th Cir. 2002). "This recognizes the need for a prophylactic rule to deal with abhorrent behavior 'which strikes at the heart of the system of justice itself.'" Fed. R. Evid. 804 advisory committee's notes to 1997 amendment, *quoting* **United States v. Mastrangelo**, 693 F.2d 269, 273 (2d Cir. 1982). The Second Circuit applies a preponderance of the evidence standard of proof to Rule 804(b)(6) matters. *See* **United States v. Dhinsa**, 243 F.3d 635, 653-54 (2d Cir. 2001). Moreover, the party accused of wrongdoing must have acted with the intent of procuring the witness's unavailability. *See* **id.**

General Counsel for ABS maintains that he spoke with his DNV counterpart on September 8, 2005, and exchanged a series of e-mail communications. *See* Declaration of Thomas A. Miller, dated January 10, 2006. The record indicates that ABS asked DNV to confirm that it employed Lee, and that he prepared the February 24 statement. **Id**. ABS maintains that before communicating with Lee, pursuant to its policy regarding communications by its own employees with counsel, it also sought to confirm that DNV would have no objection. **Id**. Spain contends that it provided ABS with relevant information regarding Lee and the

3

February 23 declaration, and that any contact with DNV was unnecessary, and constituted intimidation.

After conducting a careful *in camera* review of ABS's privileged and non-privileged communications regarding its contacts with DNV, as well as considering the parties' arguments, the Court finds that ABS had a legitimate reason to contact DNV – namely, to facilitate meeting with Lee when prior contacts were unsuccessful. Spain has failed to show that ABS's contacts with DNV were the result of animus, or an attempt to threaten or intimidate Lee. On November 12, 2005, Lee advised Spain, that after receiving legal guidance and advice from DNV, he was not willing to testify. **See** E-Mail Communication from John Andrew Lee to Brian Starer, attached to Starer Aff. as Exh. 5. Lee's e-mail does not reference any threats or intimidation from ABS.

Spain argues that an *in camera* review of ABS's communications is not enough, and seeks further testimony from ABS General Counsel and others, to prepare a record that ABS's conduct intimidated Lee. However, ABS has already made available all relevant information on this issue. Spain has failed to establish a *prima facie* basis for its witness intimidation claim. The Court finds that there is no basis for further discovery.

## IV. CONCLUSION

For the foregoing reasons, further discovery into Lee's alleged intimidation is hereby

**DENIED.**

**SO ORDERED this 25th day of January 2006**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**