UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



COMUNIDAD AUTÓNOMA DEL PAÍS
VASCO, et al.,

                      Plaintiffs,

-against-

THE AMERICAN BUREAU OF
SHIPPING, INC., et al.,

                      Defendants.

No. 04 Civ. 671 (LTS)(RLE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/04/06

LAURA TAYLOR SWAIN, United States District Judge

MEMORANDUM ORDER

      Plaintiffs Comunidad Autónoma del País Vasco, Diputación Foral de Biskaia, Diputación Foral de Gipuzkoa, and Ayuntamiento de Donostia-San Sebastián (the "Basque Plaintiffs") move this Court pursuant to Federal Rule of Civil Procedure 41(a)(2) for an order dismissing the instant action without prejudice. Defendants American Bureau of Shipping, and ABSG Consulting, Inc. f/k/a ABS Group, Inc. and ABS Marine Services, Inc. ("Defendants" or "ABS"), cross-move for dismissal with prejudice. The Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1332 and 1333. The Court has considered thoroughly the parties' submissions relating to the instant motion and, for the following reasons, denies the Basque Plaintiffs' motion to dismiss the action without prejudice and grants Defendants' cross-motion to dismiss the action with prejudice.

Copies mailed and given to all counsel
Chambers of Judge S[...]

## BACKGROUND

The following facts are relevant to the disposition of the instant motion and are undisputed unless characterized otherwise. The Basque Plaintiffs commenced this action by the filing of a Complaint in the United States District Court for the Southern District of Texas, on May 8, 2003, seeking $50 million in damages for Defendants' alleged negligence in connection with the sinking of the oil tanker *Prestige* off the coast of Spain. (See Affirmation of Jeffrey R. Coleman ("Coleman Affirmation") Ex. A.) The Basque Plaintiffs also simultaneously filed a Complaint against Defendant ABS in Texas State Court. (See id. Ex. B.) Four days later, the Basque Plaintiffs moved to dismiss the action against Defendant ABS in Texas State Court. (Coleman Affirmation ¶ 5.) That Court issued an order dismissing the action without prejudice on May 22, 2003. (Id. Ex. D.)[1]

In June 2003, Defendants filed "nullity actions in Spain, which seek a ruling from the Spanish courts that the Basque Plaintiffs have impermissibly sued Defendants in the United States, and that, under Spanish law, they have no standing to bring the U.S. actions against Defendants ('Nullity Actions')." (Id. ¶ 15.) The current procedural postures of the Nullity Actions are disputed. If they are ultimately successful in the Nullity Actions, Defendants may be able to recover the costs and fees Defendants incurred in the United States in defending the Basque Plaintiffs' U.S. actions. (Id. ¶ 16.)

Defendants next moved to have the case transferred to the Southern District of New York, as related to a case filed before this Court on May 16, 2003, Reino de España v. American Bureau of Shipping, Inc., et al., No. 03 Civ. 3573 (the "Spain Action"). (See id. Ex.

---

[1] The Basque Plaintiffs also filed suit against Defendant ABSG Consulting, Inc., in Texas State Court on January 22, 2004. (Coleman Affirmation Ex. J.)

E.) The Defendants' motion to transfer was granted and the undersigned accepted the case as related to the Spain Action on February 17, 2004. The Court referred this matter to Magistrate Judge Ellis for general pretrial management, and Judge Ellis coordinated the discovery schedules of the two actions on February 17, 2005. The Basque Plaintiffs filed an Amended Complaint on May 26, 2005, naming ABSG Consulting, Inc. f/k/a ABS Group, Inc. and ABS Marine Services, Inc., as an additional defendant.

On September 29, 2005, Reino de España ("Spain") and the Basque Plaintiffs entered into an agreement ("Compensation Agreement") pursuant to Article 1 of Spain's Royal Decree 4/June 20, 2003, and Article 7 of the Royal Decree 1053/August 1, 2003 (id. Exs. N-O), whereby Spain would compensate the Basque Plaintiffs in the amount of €45,603,721.09, for "damages sustained" following the *Prestige* casualty. (Id. Ex. M.) The Basque Plaintiffs assert that the payment under the Compensation Agreement covers only their "direct" damages, leaving unresolved any claims for "indirect" damages such as environmental or economic injury. Under the Compensation Agreement, the Basque Plaintiffs stipulated that they would "separate and remove [themselves] from the litigation [they] initiated against ASS (sic) and its affiliates in the United States." (Id. Ex. M ¶ 2; see also Decl. of Manuel R. Llorca in Supp. of Mot. ("Llorca Decl.") ¶ 6 ("In exchange for . . . payment, Basque Plaintiffs agreed to withdraw their lawsuit against ABS and its affiliate.").)

The Basque Plaintiffs filed the instant motion to dismiss on January 23, 2006, and Defendants cross-moved on February 3, 2006.

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides that, where parties cannot

stipulate to the ultimate disposition of a case, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper" and, "[u]nless otherwise specified in the order, [such] a dismissal . . . is without prejudice." Fed. R. Civ. P. 41(a)(2). "It is within the district court's sound discretion to deny a Rule 41(a)(2) motion to dismiss." Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2001) (citation omitted). "Voluntary dismissal without prejudice is thus not a matter of right." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).

The Second Circuit recently clarified the two rules for determining the propriety of granting a dismissal without prejudice. First, "such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006) (citing Cone v. W. Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947); Jones v. SEC, 298 U.S. 1, 19 (1936)); see also The GAP, Inc. v. Stone Int'l Trading, Inc., 169 F.R.D. 584, 588 (S.D.N.Y. 1997) ("[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."). Second, "the test for dismissal without prejudice involves consideration of various factors, known as the Zagano Factors." Id. The Zagano Factors are: (1) "the plaintiff's diligence in bringing the motion" for dismissal without prejudice; (2) "any 'undue vexatiousness' on plaintiff's part;" (3) "the extent to which the suit has progressed including the defendant's effort and expense in preparation for trial;" (4) "the duplicative expense of relitigation; and" (5) "the adequacy of plaintiff's explanation for the need to dismiss." Zagano, 900 F.2d at 14 (citations omitted).

*The Basque Plaintiffs' Diligence*

The Court finds that the Basque Plaintiffs were diligent in bringing the instant motion for dismissal. While Defendants are correct that Spain officially acknowledged its plan to provide compensation to certain entities in connection with the *Prestige* casualty in 2003, the Basque Plaintiffs can hardly be faulted for waiting until after the actual execution of the Compensation Agreement, which occurred more than two years after the issuance of the official decree, to request dismissal.

Accordingly, this factor weighs in favor of the Basque Plaintiffs.

*Undue Vexatiousness*

The Basque Plaintiffs' multiple prior suits against Defendants in the Texas state and federal courts are of concern to the Court. Even more troubling, if verified, is ABS' argument that the Basque Plaintiffs are aware that, pursuant to Spanish law, they do not have standing to pursue this action in the United States. However, Defendants have not proffered concrete evidence of ill-motive on behalf of the Basque Plaintiffs in this litigation. See Jewelers Vigilance Comm., Inc. v. Vitale Inc., No. 90 Civ. 1476(MJL), 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997) ("[A]bsent concrete evidence of any ill-motive on Plaintiff's part, the Court declines to label Plaintiff's conduct 'vexatious'."). This is particularly relevant because the parties have agreed to look to the Spanish courts for resolution of the standing issue.

Thus, it cannot be said that the Basque Plaintiffs' actions during the course of the litigation have been unduly vexatious, and accordingly, this factor weighs in favor of dismissal without prejudice.

*Progression of Suit*

Courts in the Second Circuit have placed particular importance on this factor,

noting that the primary purpose of a <u>Zagano</u> analysis is to "determin[e] whether a case has proceeded so far that dismissing it in order for the plaintiff to start a separate action would prejudice the defendant." <u>D'Alto v. Dahon California, Inc.</u>, 100 F.3d 281, 283 (2d Cir. 1996). Those courts that have granted dismissal only with prejudice have done so in large part because the motion to dismiss was brought, if not at the eve of trial, at a point after substantial discovery had been completed and trial was near certain. <u>See, e.g.</u>, <u>Zagano v. Fordham Univ.</u>, 900 F.2d 12 (2d Cir. 1990); <u>Deere & Co. v. MTD Holdings, Inc.</u>, No. 00 Civ. 5936(LMM), 2004 WL 1432554 (S.D.N.Y. June 24, 2004); <u>Jiggets v. New York City Human Res. Admin.</u>, No. 94 Civ. 9175(DC), 1997 WL 260065 (S.D.N.Y. May 19, 1997).

   The instant litigation is not close to the trial stage and Defendants would not suffer prejudice on that basis. Indeed, pursuant to Judge Ellis' February 17, 2005, Scheduling Order, discovery is not scheduled to close until September 30, 2006, dispositive motions are due no later than December 15, 2006, and a final pretrial conference has been set before the undersigned on March 30, 2007. Furthermore, while ABS argues that it has expended significant resources towards litigating this action, the Court notes that the vast majority of ABS' efforts have been directed toward its defense of the Spain Action. Although the parties dispute the extent to which depositions, document production, and requests were directed solely towards the Basque Plaintiffs, it is clear that the coordinated discovery focused primarily upon the Spain Action.

   However, the litigation costs and efforts expended by Defendants over the years during which this and related lawsuits by the Basque Plaintiffs have been pending have been substantial. These efforts include substantial motion practice in connection with efforts to stay or transfer the Texas federal court litigation and the preparation and submission of a summary judgment motion in this forum. Furthermore, "it is not necessary for a case to be on at 'the eve of

the trial' for this factor to be found prejudicial" (Defs.' Reply Mem., 7), and courts have determined that completion of substantial discovery is sufficient. Here, very substantial (albeit largely overlapping) discovery has progressed in these consolidated actions, moving both this action and the Spain Action toward trial or other disposition on the merits.

The Court finds that this factor weighs in favor of a finding of substantial prejudice.

*Duplication of Expense*

The Basque Plaintiffs indicate that they may, in the future, wish to pursue their claims for "indirect, economic and environmental damages." (Pls.' Mem. in Supp., 1.) Their position is that the Compensation Agreement with Spain covers only "direct" damages. (Id.) The Basque Plaintiffs argue that because the Spain Action and the instant case have been consolidated for discovery purposes, expenses associated with any future litigation would not be prejudicial. This argument ignores the fact that the coordinated and overlapping Spain Action will continue, and leaves open the very real possibility that, having litigated or otherwise incurred expenses in resolving indirect damages issues with Spain, ABS would have to litigate the same issues thereafter with the Basque Plaintiffs. Such a prospect implicates duplicative litigation and substantial potential costs to Defendants. This factor weighs in Defendants' favor.

*The Basque Plaintiffs' Explanation*

The Basque Plaintiffs proffer that they seek a dismissal at this juncture for "political" reasons in connection with their agreement with Spain. (Id. at 14.) They explain their request for a without-prejudice dismissal by indicating that they may, in the future, wish to pursue recovery of indirect (e.g., environmental) damages for which they have not been compensated by Spain. While both of these explanations are reasonable from the Basque

Plaintiffs' point of view, they do not carry much weight in comparison to the prejudice to the Defendants.

After careful consideration of the Zagano factors, the Court finds that, as applied in this case, they indicate that Defendants would suffer substantial legal prejudice – over and above the mere prospect of a second lawsuit – were this action to be dismissed without prejudice. Accordingly, the Basque Plaintiffs' motion for an order of dismissal without prejudice is denied, and Defendants' motion for an order of dismissal with prejudice is granted.

## CONCLUSION

For the foregoing reasons, the Basque Plaintiffs' motion to dismiss this action without prejudice is denied and Defendants' motion for an order of dismissal with prejudice is granted. Defendants' pending motion for summary judgment, to which the Basque Plaintiffs interposed no opposition, is denied as moot. The above-captioned action is hereby dismissed with prejudice. Nothing in this Order shall be construed to affect the "Nullity Actions" pending in Spain. The Clerk of Court is respectfully requested to enter judgment in Defendants' favor dismissing the above-captioned action, and to close this case.

Dated: New York, New York
August 4, 2006

LAURA TAYLOR SWAIN
United States District Judge